IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mr. Ray Mayo, #363744; Mrs. Certoya Mayo, | ) ) ) | C/A No.: 3:15-2698-JMC-SVH |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| State of South Carolina; Sumter County Sheriff's Dept.; Officer Sgt. Jason Tassone; and Officer Sgt. Treyor Brown, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs, proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging a violation of their constitutional rights. This matter is before the court on Ray Mayo's motion for appointment of counsel. [ECF No. 39].[1]

There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Mr. Mayo has not shown that any exceptional circumstances exist in this case. Rather, he simply states that he is unable to afford counsel and has limited access to legal resources and knowledge of the law.

---

[1] Although the motion states that it is brought by "Plaintiff, (or) Plaintiffs," the court construes it as brought only by Ray Mayo, as it is not signed by Certoya Mayo.

These are typical complaints by individuals seeking to pursue civil cases pro se in federal court, and after a review of the file, this court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Mr. Mayo be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). The court notes that Mr. Mayo has competently represented himself thus far. In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his case. Accordingly, Mr. Mayo's request for a discretionary appointment of counsel under 28 U.S.C. §1915(e)(1) is denied.

IT IS SO ORDERED.

March 1, 2016                              Shiva V. Hodges
Columbia, South Carolina           United States Magistrate Judge