IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mr. Ray Mayo, #363744, and Mrs. Certoya Mayo, | C/A No.: 3:15-2698-JMC-SVH |
| Plaintiffs, | |
| vs. | ORDER |
| State of South Carolina; Sumter County Sheriff's Dept.; Officer Sgt. Jason Tassone; and Officer Sgt. Treyor Brown, | |
| Defendants. | |

Ray Mayo ("Mayo"), an inmate incarcerated at the Manning Correctional Institution, and his wife, Certoya Mayo ("Mrs. Mayo) (together "Plaintiffs"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983. In their original complaint, Plaintiffs sued the State of South Carolina (the "State"), Sumter County Sheriff's Department ("SCSD"), and SCSD officers Sgt. Jason Tassone ("Tassone") and Sgt. Treyor Brown ("Brown"), alleging a violation of their constitutional rights. This matter is before the court on Plaintiffs' motions to amend the complaint.[1] [ECF Nos. 43, 45]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), all pretrial proceedings have been assigned to the undersigned.

---

[1] Although the motions are signed only by Mayo, the undersigned refers to the motions as brought by both Plaintiffs in this order for ease of reference. Plaintiffs are hereby advised that any motion brought on both of their behalves should be signed by both. While 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases personally," the statute does not extend that right to represent other parties.

I.    Factual and Procedural Background

In their original complaint, Plaintiffs alleged that on June 23, 2013, Tassone stopped their vehicle for traveling 76 mph in a 70 mph zone. [ECF No. 1 at 3]. Plaintiffs claimed Tassone ordered them to exit their vehicle, asked a series of improper questions, and conducted a full search of their persons and vehicle, including searching passenger Mrs. Mayo's personal effects. *Id.* Plaintiffs alleged Tassone unlawfully seized a gold necklace worth $2800 and a gold watch worth $3000 during his search. *Id.* at 4. Plaintiffs argued the search was unlawful and without probable cause. *Id.* at 3. Plaintiffs alleged they continued to be detained after the completion of the traffic stop and argue this was a violation of their right to privacy. *Id.* at 4. Plaintiffs claimed Brown unlawfully obtained a warrant for Plaintiffs' arrest without probable cause. *Id.* In a Report and Recommendation dated November 17, 2015 ("R&R"), the undersigned recommended the complaint be dismissed as to the State and SCSD. That R&R remains pending.

II.    Discussion

On March 21, 2016 and March 28, 2016, Plaintiffs submitted motions to amend the complaint [ECF Nos. 43, 45]. The first motion to amend seeks to add Sr. Cpl Rulongs ("Rulongs"). [ECF No. 43]. The motion noted that a K-9 searched the car and drugs were found in the back seat of Plaintiffs' car, *id.* at 2, and that Mayo was arrested for "Drugs/Trafficking in Heroin, Morphine, etc 28 grams or more," *id.* at 5. The motion contains the following allegations against Rulongs: "[Plaintiffs] were then placed in a police cruiser driven by Sr. Cpl. Rulongs. During the transport to SLRDC, Sr. Cpl. Rulongs made several comments of criticism toward Mrs. Mayo." *Id.* The motion states

that public defender Elaine Cook ("Cook") was initially appointed to represent Mayo and that she was replaced by public defender Jacob E. McFadden ("McFadden"). In the motion, Mayo notes that he pled guilty to the charge and accepted a three-year sentence, with no charges against Mrs. Mayo. *Id.* at 7.

Plaintiffs' second motion to amend seeks to add Sumter County Sheriff's Department supervisor Anthony Dennis ("Dennis") and Sumter County Public Defender's Office supervisor Jack Howell ("Howell") to assert claims against them for supervisory liability. [ECF No. 45].

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted).

Plaintiffs seeks to assert a claim against Rulongs. Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a pro se complaint, the Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). The complaint must contain sufficient factual matter, accepted as true, to state a claim that is

3

plausible on its face and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555, 570. The motion to amend the complaint provides no factual allegations to demonstrate any personal involvement by Rulongs in Mayo's search or arrest. The motion merely notes that Rulongs drove a police cruiser in which Plaintiffs were placed and allegedly made several comments of criticism toward Mrs. Mayo. Having failed to articulate any plausible claim against Rulongs, amendment of the complaint to add him as a defendant would be futile. Therefore, Plaintiffs' motion to amend is denied as to Rulongs.

To the extent that Plaintiffs attempt to state claims against Cook and McFadden in their capacity as public defenders, such an attempt is futile. To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendants deprived him of a federal right, and (2) did so under color of law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). However, a criminal defense attorney, whether retained or appointed, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn. 8–9, 12–14 (1981). Thus, as public defenders, Cook and McFadden are not amenable to suit and would be entitled to summary dismissal. Therefore, Plaintiffs' motion to amend is denied as to Cook and McFadden.

Plaintiffs' claims against Dennis and Howell are based on *respondeat superior* in their roles as supervisors in the sheriff's department and the public defender's office, respectively. Such claims are futile, as they do not give rise to a § 1983 claim. *Monell v.*

*Dep't of Soc. Servs.*, 436 U.S. 658, 691–94 (1978). Moreover, "[b]ecause vicarious liability is inapplicable to [] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiffs provide insufficient factual allegations to demonstrate that Dennis and Howell were aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiffs. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). Plaintiffs' motion to amend is denied as to Dennis and Howell.

III. Conclusion

For the foregoing reasons, the undersigned denies Plaintiffs' motions to amend the complaint [ECF Nos. 43, 45].

IT IS SO ORDERED.

May 13, 2016                          Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

5