IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mr. Ray Mayo, #363744, and Mrs. Certoya Mayo, | ) ) ) | C/A No.: 3:15-2698-JMC-SVH |
| Plaintiffs, | ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| State of South Carolina; Sumter County Sheriff's Dept.; Officer Sgt. Jason Tassone; and Officer Sgt. Treyor Brown, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Ray Mayo ("Mr. Mayo"), an inmate incarcerated at Ridgeland Correctional Institution, and his wife, Certoya Mayo ("Ms. Mayo") (collectively "Plaintiffs"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983. Plaintiffs allege Sgt. Jason Tassone ("Tassone") and Sgt. Treyor Brown ("Brown") (collectively "Defendants"), violated their constitutional rights during a traffic stop and subsequent arrest.[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

This matter comes before the court on Defendants' motion for summary judgment [ECF No. 60]. The motion having been fully briefed [ECF Nos. 64, 64, 67], it is ripe for

---

[1] Plaintiffs also named the State of South Carolina and Sumter County Sheriff's Department ("Unauthorized Defendants") as defendants. On November 17, 2015, the undersigned issued a report and recommendation recommending that Unauthorized Defendants be dismissed. [ECF No. 24]. Absent a separate order by the court, Unauthorized Defendants cannot be properly served.

disposition. For the reasons that follow, the undersigned recommends that the district judge grant Defendants' motion.

I.      Factual and Procedural Background

On June 23, 2013, Tassone stopped Plaintiffs on Interstate 95 for speeding. Plaintiffs claim that during this traffic stop, Tassone ordered them from their vehicle and asked "a series of improper question[s] and did conduct a full explo[ra]tory search of their persons and vehicle. . . ." [ECF No. 1 at 3]. Plaintiffs allege that this search was "conducted unreasonably and without lawful probable cause after completion of the traffic stop or reasonable suspicion that a crime was afoot." *Id*. Plaintiffs also allege that Brown secured arrest warrants without probable cause and that Tassone seized or misplaced a gold necklace and a watch. *Id*. at 4.

The following facts are uncontested:[2] Drugs were found in Plaintiffs' car, and they were both arrested. [ECF No. 60-7]. The following morning Brown provided the information in Tassone's incident report to a magistrate who issued arrest warrants for Plaintiffs. [ECF No. 67-2 at 18–19]. Plaintiffs were later indicted by the Sumter County grand jury on February 6, 2014. [ECF No. 60-5]. Mr. Mayo pleaded guilty to a lesser-included offense and received a negotiated sentence of three years' imprisonment. [ECF No. 60-3]. According to Tassone, Mr. Mayo claimed responsibility for the drugs, and the charges against Ms. Mayo were eventually dropped. [ECF No. 60-2 at ¶¶ 23, 25].

---

[2] A more thorough recitation of the facts and allegations may be found in the parties' briefing and in the dashcam videos provided by Defendants. However, because both parties were indicted by a grand jury and Mr. Mayo was convicted, a full recitation of the allegations is unnecessary.

2

II.     Discussion

    A.     Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319

3

(1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.   Analysis

1.   Search and the Arrest of Mr. Mayo

Plaintiffs allege that Defendants illegally searched the contents of their car and unlawfully arrested them. Plaintiffs' request for damages for alleged constitutional violations stemming from the arrest of Mr. Mayo and the search and seizure of the contents of the car is barred by the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 487. Although the decision in *Heck* concerned a conviction, its rationale has also been applied to civil rights action in which Plaintiff challenges a search in connection with a criminal case. *See Ballenger v. Owens*, 352 F.3d 842, 845–47 (4th Cir. 2003); *Singleton v. 10 Unidentified U.S. Marshals*, Civil Action No. 2:11-1811-TLW-JDA, 2011 WL 4970779, *2 n. 4 (D.S.C. Sept. 1, 2011) (collecting cases), adopted, 2011 WL 5005271 (D.S.C. Oct. 19, 2011).

When addressing a damages claim in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the

invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck,* 512 U.S. at 487. Mr. Mayo was convicted on April 16, 2015, on the charges associated with the purported illegal search and seizure. [ECF No. 60-3]. Plaintiffs have failed to demonstrate that Mr. Mayo has successfully challenged his conviction. Because success on this claim would question the validity of his conviction, the undersigned recommends Defendants be granted summary judgment on any alleged constitutional violations stemming from his arrest or the search of the contents of the car. *See Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002) (applying *Heck* to claims for injunctive relief), *abrogated on other grounds by Skinner v. Switzer*, 131 S.Ct. 1289, 1298–1300 (2011); *Edwards v. Balisok,* 520 U.S. 641, 648 (1997) (A "claim for declaratory relief and money damages . . . that necessarily imply the invalidity of the punishment imposed [] is not cognizable under §1983.").

2. Arrest of Ms. Mayo

Although Ms. Mayo was not convicted, she acknowledges that she was indicted by a grand jury. [ECF No. 67-2 at 17]. A grand jury indictment is sufficient evidence of probable cause, which defeats Plaintiffs' claims for false arrest based on lack of probable cause. *See Ex parte United States*, 287 U.S. 241, 250, (1932) ("It reasonably cannot be doubted that, in the court to which the indictment is returned, the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer."); *U.S. v. Soriano-Jarquin*, 492 F.3d 495, 502 (4th Cir. 2007) (noting probable

5

cause may be satisfied by a grand jury indictment); *White v. Coleman*, 277 F.Supp. 292, 297 (D.S.C. 1967) ("[W]here the grand jury have returned a true bill upon the charge made, such finding amounts to a judicial recognition that probable cause does exist . . . and infers prima facie probable cause for the prosecution." (citation omitted)). Therefore, the undersigned recommends Defendants be granted summary judgment on Ms. Mayo's claim for false arrest.

### 3. Property Deprivation

In their complaint, Plaintiffs allege that Tassone seized or misplaced a gold necklace and a watch. Tassone submitted an affidavit swearing that he did not seize any jewelry and does not recall having seen any jewelry. [ECF No. 60-2 at ¶¶ 26–27. He alleges the vehicle and all items without evidentiary content were towed to an impound lot. *Id*. According to Tassone, the vehicle would have been released to its owner, a rental company. *Id*. Plaintiffs do not address the alleged property deprivation in their memoranda. Therefore, it appears Plaintiffs have abandoned this claim, and the undersigned recommends it be dismissed.[3]

---

[3] The undersigned notes that Plaintiffs' claim for property deprivation is not a federal claim, because no constitutional right is implicated. The Due Process Clause of the U.S. Constitution is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir. 1995). Moreover, an intentional deprivation of property by a governmental employee does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230–31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition); *Bogart v. Chapell,* 396 F.3d 548, 561–63 (4th Cir. 2005) (finding that intentional destruction of a plaintiff's property did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for such loss). If Plaintiffs seek

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Defendants' motion for summary judgment [ECF No. 60] be granted.[4]

IT IS SO RECOMMENDED.

December 29, 2016  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

to pursue such a claim, the undersigned recommends the district judge decline to exercise supplemental jurisdiction over the claim pursuant to 28 U.S.C. § 1367(c)(3) if the recommendations on Plaintiff's constitutional claims are accepted.

[4] Defendants filed a motion to strike Ms. Mayo's response to summary judgment as untimely. [ECF No. 68]. In light of the recommendation in this case, such motion is denied as moot.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).