IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Mr. Ray Mayo, #363744, and <br> Mrs. Certoya Mayo, <br><br> Plaintiff, <br><br> v. <br><br> State of South Carolina; Sumter County Sheriff's Dept.; Officer Sgt. Jason Tassone; and Officer Sgt. Treyor Brown, <br><br> Defendants. | Civil Action No.: 3:15-cv-02698-JMC <br><br> **ORDER AND OPINION** |

This matter is before the court on Plaintiffs Mr. Ray Mayo, #363744, an inmate incarcerated at Ridgeland Correctional Institution, and his wife, Certoya Mayo's (collectively "Plaintiffs") Complaint (ECF No. 1), filed on June 23, 2013, pursuant to 42 U.S.C. § 1983. Plaintiffs allege Defendants the State of South Carolina, Sumter County Sheriff's Department, Officer Sgt. Jason Tassone, and Officer Sgt. Treyor Brown (collectively "Defendants"), violated their constitutional rights during a traffic stop and subsequent arrest.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial handling. On November 17, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court to summarily dismiss Defendants the State of South Carolina and Sumter County Sheriff's Department without prejudice and without issuance and service of process. (ECF No. 24.) This review considers Plaintiffs' objections to the Magistrate Judge's Report and Recommendation. (ECF Nos. 27, 30.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's

1

Report. The court thereby summarily **DISMISSES** Defendants the State of South Carolina and Sumter County Sheriff's Department from this action without prejudice and without issuance and service of process.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts viewed in the light most favorable to Plaintiffs are discussed in the Report. (*See* ECF No. 24.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only recite herein facts pertinent to the analysis of Plaintiffs' objections.

In Plaintiffs' Complaint, Plaintiffs allege that Officer Tassone ordered them to exit their vehicle, and conducted a full search of their persons and vehicle, including searching personal belongings of Plaintiff Certoya Mayo, who was a passenger in the vehicle. (ECF No. 1 at 3.) Plaintiffs states that the search was unlawful and without probable cause. (*Id*.) Plaintiffs allege Officer Tassone unlawfully seized a gold necklace worth $2800 and a gold watch worth $3000 during his search. (*Id*. at 4.) In addition, Plaintiffs claim they continued to be detained after the completion of the traffic stop and contend this was a violation of their privacy rights. (*Id*. at 4.) Plaintiffs further assert Officer Brown unlawfully obtained a warrant for Plaintiffs' arrests without probable cause. (*Id*.) Plaintiffs request actual, compensatory, and punitive damages against Defendants. (*Id*. at 5.)

In this case, the Magistrate Judge recommended the court to summarily dismiss Defendants the State of South Carolina and Sumter County Sheriff's Department from this action without prejudice. The Magistrate Judge determined that Defendants the State of South Carolina and Sumter County Sheriff's Department are entitled to Eleventh Amendment immunity. (ECF No. 24.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that,

under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

## III. DISCUSSION

Although Plaintiff Ray Mayo's objections to the Report are non-specific at times, the court will treat Plaintiff's objections as sufficient to give the court notice of the general nature of his objections. Accordingly, the court has performed a de novo review of the record and applicable law in reviewing this matter. Plaintiff Ray Mayo objects on the basis of the Magistrate Judge's Report's "failure to give Plaintiff leave to amend his pleadings (to allow him to correct a [sic] cure a laymans [sic] deficient pleading) prior to recommending the dismissal of the State of South Carolina a[sic] Sumter County Sherriff's Department...". (ECF No. 30 at 2.) Plaintiff Ray Mayo further objects to the Report and contends that "the South Carolina Tort Claim [sic] Act' does not create causes of action, but removes the common law bar of sovereign immunity in certain circumstances." (ECF No. 30 at 3.)

Plaintiff Certoya Mayo raises no specific objection to the Magistrate Judge's determination that Defendants the State of South Carolina and Sumter County Sheriff's Department are entitled to Eleventh Amendment immunity. She merely asserts that "plaintiff believes the defendants illegally searched the vehicle prior to her arrest and believes that the unwarranted, unjustified and unreasonable search and seizure is what invaded her privacy and not just a mere suspicion that any crime may have been committed." (ECF No. 27 at 3.)

The court has reviewed the Magistrate Judge's legal analysis and Report that Defendants the State of South Carolina and Sumter County Sheriff's Department are entitled to Eleventh Amendment immunity, which supports the basis for her determination. Plaintiffs do not specifically identify and object to any particular finding by the Magistrate Judge that Defendant

4

the State of South Carolina has Eleventh Amendment immunity, thus, cannot be sued in this action without its consent and Defendant Sumter County Sheriff's Department is considered a state agency. In addition, Plaintiffs point to no case law that requires the court to find that Defendant Sumter County Sherriff's Department is not under the control of the State of South Carolina. Therefore, the court finds that Plaintiffs are barred by the Eleventh Amendment immunity in suing Defendants the State of South Carolina and Sumter County Sheriff's Department.

## IV. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and Recommendation of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report and Recommendation of the Magistrate Judge (ECF No. 24). It is therefore ordered that Defendants the State of South Carolina and Sumter County Sheriff's Department are summarily **DISMISSED** in this action without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*

J. Michelle Childs
United States District Judge

June 26, 2017
Columbia, South Carolina